UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
MEI-LUN CHEN,
         Plaintiff,

    -against-

NEW YORK STATE DIVISION of HOUSING
& COMMUNITY RENEWAL, PAUL FULLER
ANGELIQUE JOSEPH, JOYCE KONG, and
ALRITA PHILLIPS,
         Defendants.
------------------------------------------------------------X

**Civil Action No.: 07 CV 7691**
**(Marrero, J.) (Freman, M.J.)**

## ANSWER and AFFIRMATIVE DEFENSES

Defendants The New York State Division of Housing and Community Renewal (hereinafter "DHCR"), Paul Fuller, Angelique Joseph, Joyce Kong, and Alrita Phillips (hereinafter collectively "defendants") state by and through their attorney Andrew M. Cuomo, Attorney General for the State of New York, Anthony J. Tomari, of counsel, by way of Answer to the Complaint of plaintiff Mei-Lun Chen states:

### A. Jurisdiction

1.     Paragraph "1" of plaintiff's Complaint sets forth the statues under which she sues and thus sets out conclusions of law to which no admission or denial is required. To the extent an admission or denial is required, defendants deny each and every allegation contained in the jurisdictional statement of the Complaint. However, defendants cede to the jurisdiction of this Court.

2.   Paragraph "2" of the Complaint sets forth conclusions of law to which no admission or denial is required. To the extent an admission or denial is required, defendants deny each and every allegation contained in the venue statement of the Complaint. However, defendants cede to venue in this jurisdiction.

3.   Defendants admit the allegations contained in paragraph "3" of the complaint.

4.   Defendants admit the allegations contained in paragraph "4" of the complaint.

### B. Parties

5.   Defendants admit that plaintiff is a female of apparent Asian descent. Defendants deny knowledge and information sufficient to form a belief as to the truth of the statements in paragraph "5" of the complaint that plaintiff is over 40 and is, and was at all times relevant, resident at 9 Hren Avenue, Huntington, New York 11743.

6.   Defendants admit that DHCR maintains offices at 25 Beaver Street, New York, New York as contained in paragraph "6" of the complaint. The remainder of Paragraph "6" of the complaint sets forth conclusions of law to which no admission or denial is required. To the extent an admission or denial is required, defendants admit DHCR is an employer "as defined by the Title VII of the Civil Rights Act of 1964, §8-102 of the Administrative Code of the City of New York as well as the Executive Law of the State of New York.

7.   Defendants admit the allegations contained in paragraph "7" of the complaint.

8.   Defendants admit the allegations contained in paragraph "8" of the complaint.

9.   Defendants admit the allegations contained in paragraph "9" of the complaint.

10.   Defendants admit the allegations contained in paragraph "10" of the complaint.

## C. Preliminary Statement

11.     Paragraph "11" of the Complaint sets forth conclusions of law to which no admission or denial is required. Defendants deny each and every allegation that they discriminated against the plaintiff in any way, including the allegation they did so "on the basis of plaintiff's national origin, sex and age".

## D. Factual Allegations

12.     Defendants admit that plaintiff is of apparent Asian descent and over the age of 40. Defendants deny any allegation that they inquired into either her national origin or age during the hiring process. Defendants admit plaintiff was hired by DHCR as a Rent Examiner 1 on August 28, 2006, effective September 7, 2006. Defendants deny the remaining allegations contained in paragraph "12" of the complaint.

13.     Defendants admit that plaintiff was immediately supervised by defendant Angelique Joseph, a woman of African-American descent. Defendants deny the remaining allegations contained in paragraph "13" of the complaint.

14.     Defendants admit that Ms. Joseph was immediately supervised by defendant Joyce Kong, a woman of Asian, who was a Deputy Director of the Major Capital Improvement "MCI") unit in the Owner Multiple Bureau in DHCR's Office of Rent Administration located at Gertz Plaza in Jamaica, New York. Defendants deny the remaining allegations contained in paragraph "14" of the complaint.

15.     Defendant Joyce Kong denies each and every allegation contained in paragraph "15" of the complaint. The other defendants deny knowledge and information sufficient to form a belief as to the truth of the statements in paragraph "15".

16.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the statements in paragraph "16" of the complaint that plaintiff observed some of her female colleagues stuff toilet paper in the cracks in the stalls. Defendants deny each and every other allegation contained in paragraph "16" of the complaint.

17.     Defendant Joyce Kong[1] denies each and every allegation contained in paragraph "17" of the complaint. The other defendants deny knowledge and information sufficient to form a belief as to the truth of the statements in paragraph "17".

18.     Defendant Joyce Kong denies each and every allegation contained in paragraph "17" of the complaint. The other defendants deny knowledge and information sufficient to form a belief as to the truth of the statements in paragraph "18".

19.     Defendants deny each and every allegation contained in paragraph "19" of the complaint.

20.     Defendants deny each and every allegation contained in paragraph "20" of the complaint.

21.     Defendants admit that on December 14, 2006 plaintiff was handed two (2) memos detailing her insubordination. Defendants deny each and every other allegation contained in paragraph "21" of the complaint.

22.     Defendants deny each and every allegation contained in paragraph "22" of the complaint.

23.     Defendants admit plaintiff was informed on December 15, 2006 that she would be

---

[1]Paragraphs "17" and "18" of the complaint make alleagtions against defendant "King". This answer assumes that is a typographical error and plaintiff meant "Kong".

4

terminated from her employment with DHCR effective as of December 22, 2006. Defendants deny each and every other allegation contained in paragraph "23" of the complaint.

24.  Defendants deny each and every allegation contained in paragraph "24" of the complaint.

## AS AND FOR A FIRST CLAIM

25.  Defendants repeat and restate each and every answer to paragraphs "1" through "24" of the complaint as if it were set forth at length herein.

26.  Defendants deny each and every allegation contained in paragraph "26" of the complaint

27.  Defendants deny each and every allegation contained in paragraph "27" of the complaint.

## AS AND FOR A SECOND COUNT

28.  The named defendants repeat and restate each and every answer to paragraphs "1" through "27" of the complaint as if it were set forth at length herein.

29.  Defendants deny each and every allegation contained in paragraph "29" of the complaint.

30.  Defendants deny each and every allegation contained in paragraph "30" of the complaint.

31.  Defendants deny each and every allegation contained in paragraph "31" of the complaint.

## AS AND FOR A THIRD COUNT

32. The named defendants repeat and restate each and every answer to paragraphs "1" through "31" of the complaint as if it were set forth at length herein.

33. Defendants deny each and every allegation contained in paragraph "33" of the complaint.

34. Defendants deny each and every allegation contained in paragraph "34" of the complaint.

### E. Affirmative Defenses

#### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

35. The complaint fails to state a claim upon which relief can be granted.

#### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

36. All employment decisions made by Defendants and actions taken by Defendants with respect to plaintiff were made or taken for legitimate non-discriminatory reasons.

#### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

37. Defendants have not participated in, condoned, or known of any policy or practice that discriminates against plaintiff on the basis of any protected status.

#### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

38. Defendants exercised reasonable care to prevent and correct promptly any harassing behavior and plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or otherwise.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

39.     Plaintiff's Title VII claims are barred to the extent that plaintiff raises substantially new allegations that were not previously raised in her charge of discrimination before the EEOC.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

40.     Plaintiff's' Title VII claims are barred to the extent that she failed to exhaust administrative remedies.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

41.     Plaintiff's Title VII claims are barred, in whole or in part, by the applicable statute of limitations or the time periods specified by the EEOC.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

42.     Plaintiff's Title VII claims fail to state a cause of action.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

43.     Plaintiff's request for damages is barred to the extent that she failed to mitigate

**WHEREFORE**, for all the reasons set forth herein Defendants request the dismissal of plaintiff's complaint in its entirety and any and all such other relief that this court deems just and proper.

Dated:  New York, New York
        December 7, 2007

                                ANDREW M. CUOMO
                                Attorney General of the
                                    State of New York
                                <u>Attorney for Defendants</u>
                                By:

                                _____
                                Anthony J. Tomari
                                Assistant Attorney General
                                120 Broadway, 24TH Floor
                                New York, NY 10271
                                (212) 416-8553

TO:  Stephen Curtis Jackson, Esq.
     <u>Attorney for Plaintiff</u>
     350 Fifth Avenue, Suite 2310
     New York, New York 10118
     Tel. No. (212) 643-2394